RUTH ANDRESEN, BY HER NEXT FRIEND, BORGHILD ANDRESEN, AND BORGHILD ANDRESEN, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. MICHAEL ZIMMERMAN, DEFENDANT-APPELLANT.

VIOLET DAY, BY HER NEXT FRIEND, ALBERT DAY, AND ALBERT DAY, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. MICHAEL ZIMMERMAN, DEFENDANT-APPELLANT.

Submitted May term, 1933—Decided December 29, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Pomerehne, Laible & Kautz* (*Henry Pomerehne,* of counsel).

For the respondents, *Haines & Chanalis* (*Patrick J. Maloney,* of counsel).

PER CURIAM.

These actions, brought to recover damages resulting, it is said, from appellant's negligent operation of an automobile, were tried together. The jury awarded damages to each plaintiff, and from the judgments entered thereon, these appeals are taken.

The first ground urged by appellant is that there was error in the denial of appellant's motions for a nonsuit and a direc-

tion of a verdict in his favor, on the ground (a) that there was no evidence of negligence on his part; and (b) that the contributory negligence of respondents Ruth Andresen and Violet Day conclusively appeared.

We find no error in these rulings. The named respondents, who were fourteen and fifteen years of age, respectively, were struck by appellant's automobile while crossing Roseville avenue, at the intersection of that highway and Orange street, in the city of Newark. Traffic at this intersection was controlled by a signal light, which alternated from red to amber to green. The signal light apparatus was located in the center of Roseville avenue, which is about fifty feet wide at this point, on the northerly side of Orange street. These plaintiffs approached the intersection on the southerly sidewalk of Orange street, from the easterly side of Roseville avenue. When they reached the easterly curb of Roseville avenue, they found a green signal light for traffic on Orange street, and a red light for traffic on Roseville avenue. There were several lines of motor vehicles at a standstill on Roseville avenue, on the southerly side of Orange street. They proceeded across the intersection on the southerly crosswalk. There was testimony that when they were within a few feet of the westerly curb of Roseville avenue, the light changed from green to amber, for traffic on Orange street, and that immediately thereafter and before they completed the crossing of the intersection, appellant's car, moving in a northerly direction on Roseville avenue, struck them and inflicted the injuries for which recovery is sought in these actions. One of the witnesses placed them within six or ten feet of the westerly curb of Roseville avenue when struck. There was evidence that appellant's automobile was moving at a speed of thirty or thirty-five miles per hour at the time it struck the plaintiffs, and that it entered the intersection after the light had turned from red to amber for traffic on Roseville avenue, but before the green light for traffic on that thoroughfare appeared.

There was, therefore, sufficient evidence to warrant a finding that appellant was negligent in the operation of his automobile. In fact, if the jury found that the evidence referred to was credible, the inference of negligence was inescapable.

And it obviously cannot be said that, under the circumstances here existing, the negligence of the named plaintiffs conclusively appeared. There was evidence that furnished a rational basis for the finding that, in crossing the intersection, they exercised due care. The Traffic act enjoins the operators of vehicles to give the right of way to a pedestrian at a crosswalk, where the latter, having started to cross with the proper signal, finds himself still within the intersection when the signal changes. *Pamph. L.* 1928, *p.* 721, 728.

The second point made by the appellant is that there was error in the charge as to contributory negligence. It is said that the passage in the charge complained of, "tended to create an inference in the minds of the jury that these plaintiffs being 'infants' were excused, because they were infants, from the duty of observation to avoid danger from approaching vehicles." This criticism is without merit. The court charged that it was for the jury to determine whether the infant plaintiffs "used that degree of care and discretion usually exercised by persons of similar age, judgment, experience and environment and reasonable to expect of the particular child in question under all the circumstances of the case." The court expressly charged, at the request of appellant, that "contributory negligence is such negligence on the part of plaintiffs as proximately helped to produce the injuries complained of, and if the jury finds from a preponderance of all the evidence in this case plaintiffs were guilty of any negligence that proximately helped to bring about or produce the injuries complained of, then, and in that case, the plaintiffs cannot recover in this action, and there should be a verdict for the defendant of no cause of action."

Lastly, it is said that the court erred in modifying one of appellant's requests to charge, dealing with contributory negligence. As stated, appellant's criticism of the court's charge on this subject is without merit, and this ground for reversal has, therefore, nothing to support it.

Judgments affirmed, with costs.